EASTERN STAR MISSIONARY BAPTIST CHURCH a/k/a and d/b/a Eastern Star Missionary Baptist Church Day Care Center, (Plaintiff) Appellant,

v.

DIRECTOR, MISSOURI STATE DIVISION OF FAMILY SERVICES, (Defendant) Respondent.

No. 43530.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 2, 1982.

Motion for Rehearing and/or Transfer Denied April 16, 1982.

Frank J. Niesen, Jr., St. Louis, for appellant.

Melody A. Bryan, Dept. of Social Services, Jefferson City, for respondent.

SNYDER, Judge.

This is an appeal by the operator of a day care center from the circuit court's affirmance of respondent's denial of approval status to the day care center. Approval status would permit the day care center to receive payments under federal and state welfare programs.

Appellant claims the decision is reversible because the hearing officer erred in refusing to consider appellant's exhibits A and B and therefore the decision was not based on the whole record. The point is ruled against appellant and the judgment is affirmed.

Appellant, a well-known religious body, is exempt from state licensing requirements for day care centers, but sought the status of an approved center in order to receive payments under federal and state welfare programs. Appellant had to comply with applicable state regulations in order to receive approval status.

Appellant first received approval status in 1963. The Division of Family Services renewed that status annually until 1978. Throughout this period respondent's representatives made the periodic inspection required by law of appellant's facilities and records.

Respondent denied approval status on October 5, 1978 because appellant failed to keep adequate personal information records on each child enrolled and to make those records available for inspection, as required by 13 CSR 40–63.095(2).[1]

During an inspection visit by an employee of respondent on August 31, 1978, appellant failed to produce personal information records on three children who were in attend-

1. 13 CSR 40–63.095(2) provides:
"(2) Case Records. A complete and current record shall be maintained for each child and shall be readily available at all times. The record on each child enrolled shall include the following:
(A) Identifying information including:
1. Child's full name, birthdate, and current address.
2. Father's full name.
3. Mother's full name.
4. Addresses of both parents, if available.
5. Name, address, telephone number (home and business) and signature of person or persons responsible for child.
6. Name of person authorized to take child from the center.
7. Names, addresses, and telephone numbers of relatives.
8. Name, address, and telephone number of physician or clinic to be called in an emergency.
(B) Health information including:
1. Physician's pre-admission report.
2. Instructions for action to be taken in the event parent or physician designated by parent cannot be reached.
3. Authorization for any special medications.
(C) Continuing health information including:
1. Information on illnesses or medications administered while enrolled in the day care center.
2. Information concerning any accident or injury to the child while at the day care center or any emergency medical attention.
3. Any significant information learned from observing the child.
4. Annual physical examination report.
(D) Information about enrollment and attendance including dates of admission and discharge.

ance at the center during the month of August, 1978, according to appellant's attendance sheets.

The attendance sheets were used primarily to bill respondent for payment under the Aid to Dependent Children vendor day care program. The record keeping regulations, 13 CSR 40–63.095(2)(D), also required maintaining and making available attendance records.

Appellant's director, Reverend Daniel Hughes, testified that the respondent's representative in charge of payment under the Aid to Dependent Children program permitted providers, such as appellant, to list children not in attendance because respondent did not pay until the case worker handling that child's case approved the payment. Mr. Hughes' reasoning, apparently, was that if he were permitted to list children not in attendance under the Aid to Dependent Children program, then he would not be required to keep adequate personal information records on those children for approved status purposes.

In support of its position appellant submitted two exhibits. Exhibit A was the invoice from the respondent accompanying its payment of appellant's claim for day care services under the Aid to Dependent Children program for June, 1978. The invoice contained the names of the children appellant had submitted for payment. Check marks appeared next to a few of the names. The statement indicated respondent made no payment for the children whose names were checked.

Exhibit B was a similar invoice from August, 1978. This exhibit indicated payment had been made for one of the three children in question, Yaounde Gethers. The claim for another of the three, Tiffany Steele, is blotted out with correction fluid and is not included in the total payment listed. The third child, Danielle Little does not appear on respondent's payment invoice. All three appeared on appellant's attendance sheet, but the required personal information records for these three children were missing.

The hearing officer, in the statement of the case portion of her order, excluded appellant's exhibits A and B from consideration in determining the facts because the June invoice was irrelevant, the offense having occurred in August, and because the August invoice was altered. The hearing officer then found that appellant had failed to make the required personal records for three children available, as required by 13 CSR 40–63.095(2), and denied approval status to appellant.

Appellant's claim that the hearing officer failed to decide the case on the whole record when she excluded appellant's exhibits must be denied. Hearing officers are to exclude irrelevant evidence from the record even if the other party does not object to its admission. § 536.070(8), RSMo 1978; 2 Am.Jur.2d Administrative Law § 381 (1962). Both exhibits were irrelevant.

Appellant submitted these documents to establish that respondent permitted appellant to file inaccurate billing statements under the Aid to Dependent Children program. But the Aid to Dependent Children program is separate from the program which supervises day care centers. Two different Division of Family Services activities are involved.

The fact that respondent's representatives in charge of Aid to Dependent Children payments permitted appellant to file inaccurate attendance sheets does not tend to prove that respondent's representatives in charge of supervising day care centers (a separate staff) should or did permit appellant either to maintain inaccurate attendance records or to fail to make available accurate personal information files on each child enrolled, as required by 13 CSR 40–63.095(2).

The exhibits therefore were irrelevant and properly excluded. § 536.070(8).

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.